Jerry C. McCLELLAND, Plaintiff,

v.

Robert C. GRONWALDT, individually and as agent for Mobil Oil Corporation, Mobil Oil Corporation, and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Defendant.

No. 1:95–CV–931.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 19, 1997.

Glen W. Morgan, Reaud, Morgan & Quinn, Beaumont, TX, for McClelland.

Gerald Wayne Riedmueller, Lipscomb Norvell, Jr., Benckenstein, Norvell & Nathan, Beaumont, TX, for Gronwaldt.

Amy Dunn Taylor, Michael Thomas Powell, Robert L. Levy, Haynes & Boone, Houston, TX, David J. Beck, Joe W. Redden, Jr., William Curtis Webb, Beck, Redden & Sescrest, Houston, TX, for Mobil Oil Corp.

Allison H. Moore, Harrison H. Yoss, Robert Wellenberger, Alison Holladay Moore, Thompson, Coe, Cousins and Irons, Dallas, TX, for National Union.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is Plaintiff Jerry McClelland's motion seeking certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court has heard the parties' oral arguments and considered their written submissions. For the reasons given below, the plaintiff's motion is granted.

## BACKGROUND

■ In December 1992, the plaintiff filed suit in the 58th Judicial District, District Court, State of Texas. The plaintiff alleged a breach of the duty of good faith and fair dealing, violation of Article 21.21 of the Texas Insurance Code, negligent handling of claims, and intentional infliction of emotional distress arising from the defendants' improper handling of Workers' Compensation claims and conspiracy on the part of Mobil and others. The plaintiff sought, and the state district court granted certification of a class of similarly situated persons.[1] On July 26, 1995, the plaintiffs sought and received a Temporary Restraining Order (TRO) from the state district court, which enjoined the defendants from contacting potential members of the certified class with respect to releasing their

---

1. Oddly, the state court certified the class pursuant to Texas Rules of Civil Procedure 42(b)(1)(A) "and/or" 42(b)(4). *McCleland v. Gronwaldt,* No. A–144,481, Order at 1 (58th Jud. Dist. Tex. June 22, 1994). Texas Rule 42(b)(1)(A) mirrors Fed. R.Civ.P. 23(b)(1) (class members may not opt out) and Texas Rule 42(b)(4) mirrors Fed. R.Civ.P. 23(b)(3)(class member may opt out).

When a state court certified class action is removed to federal court, it arrives at the federal court as a certified class. *Matter of Meyerland Co.,* 960 F.2d 512, 520 (5th Cir.1992) ("A case removed from state court simply comes into the federal system in the same condition in which it left the state system.") (citations omitted). What is not clear from the face of the state court's order is whether this case came into the federal system as an "opt out" or "no opt out" class. Presumably, when a case meets both the prerequisites of an "opt out" class and of a "no opt out" class, the class must be certified as a "no opt out" class. See Herbert *Newberg on Class Actions* § 1.22 (3d ed.1992).

claims.[2] This order expired of its own terms 10 days thereafter.

On September 27, 1995, another TRO was sought and granted along with the plaintiffs' application for a temporary and ultimately a permanent injunction. This case was removed to this court the day before the scheduled hearing on the temporary injunction, which was the 20th day after the injunction was sought. At this time, there existed a Collective Bargaining Agreement (CBA) which was dated September 1, 1995, which probably became effective September 17, 1995.

For the past several years Mobil has been undergoing a nationwide restructuring of its personnel. As part of this process, Mobil revised and implemented an Enhanced Separation Benefits Package (ESBP), which allowed employees who separated from the company for reasons other than cause to be eligible for certain benefits. The ESBP is available to non-union workers. (Defendants Supplemental Brief in Response to Motion to Remand, p. 7). As part of the restructuring of the Beaumont plant, Mobil made the ESBP available to non-union employees who voluntarily separated from the company.

For union members, separately negotiated agreements provide benefits for those employees who volunteer to separate from the company. Mobil successfully negotiated such an agreement with the members of the Oil, Chemical, and Atomic Workers International Union (OCAW or Union). The benefits provided to these employees are similar to those provided under the ESBP. However, there is nothing in this agreement which refers to the administration of the program. The Memorandum of Agreement (MOA) between Mobil and the Union was signed on September 1, 1995, became effective either on that date or on September 17, 1995, and the election period under the MOA expired on November 17, 1995, or following any extensions granted by Mobil.

Both the ESBP and the MOA require employees to sign Separation Agreements which contain broad waiver-of-claim language[3]. Under both programs, the broad language makes it difficult to know exactly which claims are being waived by the individual signing the Separation Agreement. In implementing its restructuring plan, Mobil is seeking waivers from some employees who are also members of the state court certified class. On September 27, 1995, the plaintiffs applied for another temporary restraining order and temporary and permanent injunction and the defendants removed to this court asserting that the matter was preempted by either the Employment Retirement Income Security Act (ERISA) or the Labor Management Relations Act (LMRA) or both.

On November 16, 1995, this court denied the plaintiffs, motion to remand, holding that this court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the ESPB is governed by ERISA and the MOA is governed by the LMRA.[4] *McClelland v.*

2. There was no Collective Bargaining Agreement (CBA) in existence which this TRO could affect at that time.

3. The waiver-of-claim language in both Separation Agreements reads:

In exchange for the Separation [/Plan] Benefit[s] described above, to which Employee is not otherwise entitled, Employee forever releases and discharges Mobil Corporation, Mobil Oil Corporation, their officers, directors, agents, employees, subsidiaries, and affiliates from all claims, liabilities, and lawsuits arising out of Employees employment or the termination of that employment and agrees not to assert any such claim, liability, or lawsuit. This includes any claim under the Age Discrimination in Employment Act or under any other federal, state, or local statute or regulation relating to employment discrimination. It also includes any claim under any other statute or regulation or common law rule relating to Employees employment or the termination of that employment. This Agreement does not have any effect with respect to acts or events occurring after the date upon which Employee signs it. This Agreement does not limit any benefit to which Employee is entitled under Mobils qualified retirement or savings plans.

4. On October 4, 1996 this court held a lengthy hearing concerning all motions pending in this case. At this hearing, it became evident that Mobil had ended or would soon end the ESBP and the MOA programs which were the subject of a state court TRO: the order which this court held vested it with jurisdiction. However, the plaintiff's pleadings have not been amended and the plaintiff still seeks a permanent injunction barring Mobil from implementing both plans.

*Gronwaldt,* 909 F.Supp. 457 (E.D.Tex.1995). This court further held that it had supplemental jurisdiction over all state law claims alleged in this case, under 28 U.S.C. § 1367. *Id.* at 464.

## ANALYSIS

 This court may certify an issue for an interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b).

Since the October 4, 1996 hearing it became clear to this court that there is a substantial difference of opinion on whether the state court's TRO involved, and will likely involve as a matter of law, an interpretation of a CBA or the interpretation and administration of an ERISA plan. Moreover, there is a substantial difference of opinion on whether 28 U.S.C. § 1367 confers supplemental jurisdiction in a case, such as this, in which the gravamen of the complaint which removed this case to federal court is whether or not an injunction should be granted; especially, given that the objects of the injunction were the ESBP and the MOA programs, which apparently Mobil has since ended (but may possibly pursue similar programs in the future). See *Cooper v. McBeath,* 11 F.3d 547 (5th Cir.1994) (holding that abandonment of a challenged conduct does not deprive a federal court of jurisdiction, provided that there is a possibility that the allegedly wrongful conduct may recommence, were the court to dismiss the present case).

This court is of the opinion that its certification of an interlocutory appeal on the issues of federal question and supplemental jurisdiction will materially advance the ultimate termination of this case. There may be hundreds, even thousands, persons affected by the resolution of this (no opt out?) class action, and the issue of whether this court has jurisdiction to adjudicate this dispute is certainly material to the ultimate termination of this litigation.

## CONCLUSION

For these reasons given above, the plaintiff's motion for an order certifying an interlocutory appeal is granted. This court will certify the following three (3) issues for interlocutory appeal:

I) whether the state court's TRO and the plaintiff's state court pleading seeking a permanent injunction would require the state courts to interpret and administer a CBA, thus vesting this court with jurisdiction pursuant to 28 U.S.C. § 1331;

II) whether the state court's TRO and the plaintiff's state court pleading seeking a permanent injunction would require the state courts to interpret and administer an ERISA plan, thus vesting this court with jurisdiction pursuant to 28 U.S.C. § 1331; and

III) whether, if this court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 at the time of removal, this court now has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367.